# 2008 DTA 75

## TRIBUNAL DE APELACIONES
## REGIÓN JUDICIAL DE PONCE-PANEL X

CARLOS TORRES RAMÍREZ
Apelado

v.

IVÁN TORRES RAMÍREZ Y ROSA M. TORRES RAMÍREZ
Apelantes

Núm. KLAN-07-00946

San Juan, Puerto Rico, a 14 de mayo de 2008

Panel integrado por su Presidente, el Juez González Vargas,
y las Juezas Feliciano Acevedo y Carlos Cabrera

Feliciano Acevedo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El señor Iván Torres Ramírez y la Sucesión de Rosa M. Torres Ramírez compuesta por Ángel Nazario Torres y Helga Nazario Torres comparecen ante nos para solicitar que revoquemos una sentencia emitida el 22 de mayo de 2007 por el Tribunal de Primera Instancia, Sala de Ponce. En la referida sentencia, el tribunal a quo declaró con lugar la demanda y, en consecuencia, ordenó que se enmendaran las sentencias sobre declaratoria de herederos emitidas en los casos de *Elvira Ramírez, Ex Parte*, Civil Núm. R-3550, y *Andrés Iván Torres Ramírez, Ex Parte,* Civil Núm. CS-80-5306, a los efectos de que se reconozca que el demandante, Carlos Julio Torres Ramírez, es hijo y heredero forzoso con todos sus derechos y prerrogativas de los referidos causantes.

Por los fundamentos que a continuación expondremos, confirmamos la sentencia apelada.

### I

El 14 de marzo de 1994, el Sr. Carlos Torres Ramírez presentó una acción de impugnación de declaratoria de herederos contra sus hermanos, Andrés Iván y Rosa, ambos de apellidos Torres Ramírez. El demandante alegó ser heredero forzoso de los causantes Andrés Torres Ramírez y Elvira Ramírez, a pesar de que no fue incluido en las declaratorias de herederos de éstos. Adujo, además, que los bienes hereditarios dejados por los causantes se encuentran en poder de los codemandados. Solicitó al tribunal que se enmendaran las declaratorias de herederos de los causantes a los efectos de que se le incluya como heredero legítimo y se le concedan todos los derechos y obligaciones que como tal le corresponden. El 17 de junio de 1994, la parte demandada contestó la demanda en la que negó que el demandante fuera hijo de los causantes y, por consiguiente, heredero forzoso de éstos.

Luego de múltiples trámites procesales, los días 21 de julio de 2006 y 21 y 31 de agosto de 2006, se celebró el juicio. Comparecieron el demandante, el Sr. Carlos Torres Ramírez, y la parte demandada, compuesta por el Sr. Iván Torres Ramírez y los integrantes de la Sucesión de Rosa Torres Ramírez (Ángel Juan y Vanesa Nazario Torres), debido a que dicha codemandada falleció durante la tramitación del caso. Como parte de la prueba desfilada durante el juicio, se admitió en evidencia el resultado de una prueba de histocompatibilidad (ADN) a la cual las partes se sometieron antes del fallecimiento de la referida codemandada. La misma reveló que existe un 99.9% de que los codemandados-apelantes no estén relacionados genéticamente con el demandante-apelado.

Una vez desfilada y aquilatada la prueba testifical en el juicio, el TPI emitió la sentencia apelada en la que declaró con lugar la demanda y, en consecuencia, ordenó que se enmendaran las sentencias sobre las declaratorias de herederos emitidas en los casos de *Elvira Ramírez, Ex Parte, supra*, y de Andrés Iván Torres Ramírez, *Ex Parte, supra,* a los efectos de que se reconozca que el demandante-apelado es hijo y heredero forzoso con todos sus derechos y prerrogativas, de los causantes.

Inconforme, la parte demandada acude ante nos mediante el presente recurso en el que alega que erró el TPI al:

*"1. concluir que el Sr. Carlos Torres Ramírez es hijo legítimo de Andrés Torres y Elvira Ramírez.*

*2. al concluir que Rosa Torres Ramírez vivió en compañía del apelado y que lo trataba como un hermano.*

*3. al concluir que el silencio de los hermanos en cuanto al dinero recibido por el apelante en un proceso de expropiación forzosa donde se le menciona como heredero del Sr. Andrés Torres constituye un reconocimiento por parte de éstos en cuanto a la calidad de heredero del apelado.*

*4. al evaluar la prueba de histocompatibilidad como un hecho no concluyente fundado en que la filiación no necesariamente se deriva de un hecho biológico."*

## II

La filiación, según se conoce, es el estado civil de la persona, determinado por virtud de su nacimiento, adopción o de otro hecho legalmente suficiente al efecto. De ordinario, se basa en la realidad biológica del nacimiento dentro de una familia, la que lleva aparejada la asignación de derechos y obligaciones para la persona y para sus padres y familiares. *González v. Echevarría*, 169 D.P.R. ___ (2006), **2006 J.T.S. 184**, a la pág. 515; *Mayol v. Torres*, 164 D.P.R. ___ (2005), **2005 J.T.S. 50**, a la pág. 1080; *Castro v. Negrón*, 159 D.P.R. 568, 579-580 (2003); *Sánchez v. Sánchez*, 154 D.P.R. 645, 660 (2001); *Calo v. Cartagena*, 129 D.P.R. 102, 136-137 (1991).

El principio básico que da lugar a la filiación es la procreación o generación física. *Castro v. Negrón, supra*, a la pág. 580; *Sánchez v. Sánchez, supra*, a las págs. 660-661; *Calo v. Cartagena, supra*, a la pág. 111. Sin embargo, éste no es el único factor. *González v. Echevarría, supra*, a la pág. 520, n. 3; *Mayol v. Torres, supra*, a la pág. 1081; *Castro v. Negrón, supra*, a la pág. 580; *Sánchez v. Sánchez, supra*, a la pág. 661; *Calo v. Cartagena, supra*, a la pág. 112. La paternidad o maternidad biológica puede no tener consecuencias jurídicas en aquellos casos en que se desconoce o no puede establecerse quiénes son los progenitores de una persona. También puede ocurrir que quien figure como progenitor, no lo sea biológicamente. *Mayol v. Torres, supra*, a la pág. 1081; *Sánchez v. Sánchez, supra*, a las págs. 660-661.

La filiación puede producirse de dos formas: por el matrimonio o por el reconocimiento voluntario o forzoso del padre. *González v. Echevarría, supra*, a la pág. 515; *Mayol v. Torres, supra*, a la pág. 1083; *Castro v. Negrón, supra*, a la pág. 583; *Sánchez v. Sánchez, supra*, a la pág. 663. Se presume hijo del cónyuge varón al que nació bajo las siguientes circunstancias: (1) dentro de los 180 días siguientes a la celebración del matrimonio, si el marido no impugna su legitimidad; (2) después de ese plazo y durante el matrimonio; y (3) antes de los 300 días siguientes a la disolución del matrimonio. 31 L.P.R.A. secs. 461 y 462. Véase, además, *Castro v. Negrón, supra*, a la pág. 583; *Sánchez v. Sánchez, supra*, a la pág. 663; *Almodóvar v. Méndez Román*, 125 D.P.R. 218, 235 (1990). Se trata de una presunción controvertible. *Castro v. Negrón, supra*, a la pág. 586; *Sánchez v. Sánchez, supra*, a la pág. 665; *Calo v. Cartagena supra*, a la pág. 117.

El reconocimiento voluntario es la declaración mediante la cual una persona declara su paternidad o maternidad biológica, generalmente bajo la creencia de que el hijo es suyo. *Mayol v. Torres, supra*, a la pág. 1084; *Sánchez v. Sánchez, supra*, a la pág. 664. Se trata, según ha señalado el Tribunal Supremo de Puerto Rico, de un acto individual, personalísimo, unilateral, formal, expreso, solemne, puro e irrevocable. *González v. Echevarría, supra*, a las págs. 515-516; *Mayol v. Torres, supra*, a la pág. 1084. Sin embargo, como *"la relación biológica no es una condición necesaria ni suficiente de la relación filial"*, es posible el reconocimiento de una persona como hija propia aunque biológicamente no lo sea, ya porque así lo quiere el declarante o porque se le hace creer que es verdaderamente el progenitor. *González v. Echevarría, supra*, a la pág. 515. Ahora bien, el Tribunal Supremo de Puerto Rico ha expresado que el padre puede impugnar este tipo de filiación cuando su consentimiento ha sido obtenido por medio de un vicio. *González v. Echevarría, supra*, a las págs. 516-517; *Sánchez v. Sánchez, supra*, a la pág. 667; *Almodóvar v. Méndez Román, supra*, a la pág. 243.

El Artículo 125 del Código Civil, 31 L.P.R.A sec. 504, dispone el procedimiento para el reconocimiento del hijo natural, aunque su mandatoriedad fue sustancialmente limitada por Ocasio v. Díaz, supra. Esta disposición establece que:

*"Son hijos naturales los nacidos, fuera de matrimonio, de padres que al tiempo de la concepción de aquéllos hubieran podido casarse, sin dispensa o con ella. El hijo natural puede ser reconocido por el padre o la madre conjuntamente, o por uno solo de ellos, en el acta de nacimiento, o en otro documento público.*

*El padre está obligado a reconocer al hijo natural:*

*(1) Cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad.*

*(2) Cuando el hijo se halle en la posesión continua del estado de hijo natural del padre demandado, justificada por actos del mismo padre o de su familia.*

*(3) Cuando la madre fue conocida viviendo en concubinato con el padre durante el embarazo y al tiempo del nacimiento del hijo.*

*(4) Cuando el hijo pueda presentar cualquier prueba auténtica de su paternidad.*

*La madre estará obligada al reconocimiento del hijo natural, en los mismos casos que el padre, y además cuando se pruebe cumplidamente el hecho del parto y la identidad del hijo.*

*El hijo mayor de edad no podrá ser reconocido sin su consentimiento. Cuando el reconocimiento del menor de edad no se realiza en el acta de nacimiento o en testamento, será necesaria la aprobación del juez de la sala del Tribunal Superior del Tribunal [de Primera Instancia] en que resida el menor, con intervención del fiscal."*

*El Código Civil también establece que "los hijos nacidos fuera de matrimonio con anterioridad a la fecha de vigencia de esta Ley (1942) y que no tenían la condición de hijo naturales según la legislación anterior, podrán ser reconocidos por acción voluntaria de sus padres, y en defecto de éstos, por las de las personas con derecho a su herencia, a todos los efectos legales."* 31 L.P.R.A. sec. 502.

Por otro lado, el Tribunal Supremo ha dicho que los hijos naturales que puedan demostrar la existencia de actos de reconocimiento tácito tienen acción para compeler a sus padres a reconocerlos, aunque fueran póstumos, y su derecho no se extingue por el titular, sino que se trasmite a sus herederos. *De Jesús v. Abbot*, 77 D.P.R. 516 (1954).

Para determinar la filiación, se favorece la utilización de pruebas científicas y de histocompatibilidad. *Mayol v. Torres, supra*, a las págs. 1088-1090; *Vincenti v. Saldaña*, 157 D.P.R. 37, 48-49 (2002); *Tosado v. Tenorio*, 140 D.P.R. 859, 867 (1996); *Rivera Pérez v. León*, 138 D.P.R. 839, 849 (1995); *Moreno Álamo v. Moreno Jiménez*, 112 D.P.R. 376, 387 (1982); *Ortiz v. Peña*, 108 D.P.R. 458, 464-467 (1979). El Tribunal Supremo de Puerto Rico ha reconocido que los desarrollos tecnológicos introducidos en este campo superan los medios disponibles para el legislador decimonónico al momento de adoptarse las leyes relacionadas con la paternidad y la filiación en nuestro ordenamiento. *Mayol v. Torres, supra*, a la pág. 1088. Las pruebas actuales de histocompatibilidad y de ADN permiten determinar con un alto grado de certidumbre científica la verdadera filiación de una persona. *Rivera Pérez v. León, supra*, a las págs. 845-846; *Ortiz v. Peña, supra*, a las págs. 462-469.

El Tribunal Supremo de Puerto Rico ha resuelto que, cuando se impugna la filiación de un hijo por no corresponder ésta con la realidad biológica, debe acudirse a este tipo de pruebas para adjudicar la controversia. *Mayol v. Torres, supra*, a la pág. 1090. En cuanto al particular, el Tribunal Supremo expresó que: *"[a]l arribar a*

*esta conclusión, pesa en nuestro ánimo la convicción de que el elemento básico de la filiación es la realidad biológica, que la validez de un reconocimiento está vinculada a la veracidad del mismo, y que en nuestro ordenamiento jurídico impera una política pública sobre la búsqueda de la verdad en cuanto a la filiación".* Mayol v. Torres, supra, a la pág. 1090.

La norma es que la acción de impugnación del reconocimiento debe ser presentada dentro de un término de caducidad de tres meses a partir del acto del reconocimiento cuando el demandante no ha estado ausente de Puerto Rico. *González v. Echevarría, supra,* a la pág. 518; *Mayol v. Torres, supra,* a las págs. 1086-1087; *Castro v. Negrón, supra,* a la pág. 596; *Sánchez v. Sánchez, supra,* a la pág. 670; *Almodóvar v. Méndez Román, supra,* a la pág. 260.

### III

Por estar íntimamente relacionados, los cuatro señalamientos de error planteados por el apelante, los discutiremos conjuntamente. En síntesis, los codemandados-apelantes alegan que la prueba presentada por el demandante-apelado no es suficiente para establecer que es hijo legítimo de los causantes y, por consiguiente, heredero forzoso de ellos. Indican que, por el contrario, el presente caso es uno claro para que se permita la impugnación de la inscripción del demandante en el Registro Demográfico mediante un procedimiento *ex parte*. Sostienen, a su vez, que el hecho de que los causantes no inscribieran al demandante-apelado al nacer en el Registro Demográfico como su hijo -tal y como lo hicieron con sus restantes hijos-, es prueba fehaciente para concluir que éstos no tenían interés en reconocerlo como hijo. Finalmente, alegan que ni el certificado de nacimiento ni el certificado de bautismo del demandante-apelado son suficientes en derecho para demostrar un hecho filiatorio.

En el caso de autos, la prueba desfilada durante el juicio por la parte demandante consistió -además del testimonio del propio demandante- de los siguientes documentos: (1) la solicitud del demandante para que se le expidiera un certificado de nacimiento; (2) la sentencia emitida en el caso *Carlos Torres Ramírez, Ex Parte,* Civil Núm. CS86-965, en la cual se autorizó la inscripción del demandante en el Registro Demográfico; (3) el acta de bautismo emitida por el Archivo Parroquial, Iglesia de la Virgen del Santísimo Romero en Yauco de la Diócesis de Ponce, donde aparecen los causantes, Andrés Torres y Elvira Ramírez, compareciendo en calidad de padres del demandante; (4) las declaratorias de herederos de los causantes en los casos *Elvira Ramírez, Ex Parte, supra,* y *Andrés Iván Torres Ramírez, Ex Parte, supra*; (5) una orden y una minuta del caso civil núm. E68-412 ante el Tribunal Superior, Sala de Expropiaciones, de las cuales surge que el demandante recibió un dinero de la expropiación de unos terrenos pertenecientes al Sr. Alejandrino Torres, padre del causante Andrés Torres; (6) las copias de unos recibos y unos cheques girados por el codemandado Iván Torres para el pago de las participaciones hereditarias -incluyendo la del demandante-apelado- como consecuencia del procedimiento de expropiación forzosa de unos terrenos de sus finados padres; (7) las declaraciones juradas vertidas por la codemandada Rosa Torres como parte de la deposición tomada en el caso; y (8) los resultados de las pruebas de histocompatibilidad realizadas a las partes en el pleito.

En el presente caso, el TPI escuchó y aquilató el testimonio de los testigos de ambas partes, además de evaluar toda la prueba documental estipulada y presentada. Luego de un análisis de la totalidad de la prueba, el foro apelado determinó como un hecho probado *"que el demandante siempre fue tratado como hijo y hermano, y tanto padres como hermanos, le reconocían sus derechos y obligaciones para con la familia".* Determinación de hecho núm. 1, a la pág. 3 del apéndice del recurso de apelación. Así también, determinó *"que el demandante, Carlos Andrés Torres Ramírez, es hijo de Andrés Torres y Elvira Ramírez, y hermano de Andrés Iván y Rosa, ambos de apellidos Torres Ramírez, con todos sus derechos y obligaciones".* Determinación de hecho núm. 16, a la pág. 3 del apéndice del recurso de apelación.

Por otra parte, entre sus conclusiones de derecho, el foro apelado indicó que *"[d]el análisis de toda la prueba presentada en autos, este Tribunal quedó convencido de que el demandante fue reconocido expresamente como*

*hijo por sus padres Andrés Torres y Elvira Ramírez, y así se le identificó y trató siempre"*. Página 6 del apéndice del recurso de apelación. Sus conclusiones estuvieron basadas, en gran parte, en el testimonio del codemandado Iván Torres, quien testificó que descubrió que el demandante-apelado no era su hermano de doble vinculo, cuando recibió los resultados de la prueba de histocompatibilidad. Página 6 del apéndice del recurso de apelación. También, el TPI tomó en consideración el hecho de que desde su nacimiento hasta el 1943 -cuando fue reclutado por el Ejército de los Estados Unidos-, el demandante-apelado vivió en compañía de los codemandados y de los causantes y que cuando regresó del ejército, éste se fue a vivir nuevamente en compañía de éstos. Dichos testimonios le merecieron entera credibilidad al tribunal a quo.

Es doctrina ampliamente reconocida en nuestro ordenamiento jurídico procesal que ante la ausencia de otras herramientas para evaluar si el TPI erró en su apreciación de la prueba, los tribunales apelativos debemos mantener la norma de deferencia judicial en cuanto a la apreciación de la prueba oral a que la sometió el juzgador de instancia.

Sabido es que, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, el foro apelativo no está autorizado a intervenir con la apreciación de la prueba realizada por el Tribunal de Primera Instancia. *Flores v. Soc. de Gananciales*, 146 D.P.R. 145 (1998); *Belk Arce v. Martínez*, 146 D.P.R. 215 (1998). Asimismo, tampoco podemos intervenir con la adjudicación de credibilidad de los testigos realizada por el Tribunal de Primera Instancia en ausencia de los factores antes mencionados. *López Vicil v. I.T.T. Intermedia*, 142 D.P.R. 857 (1997).

Cuando existe conflicto entre las pruebas, corresponde precisamente al juzgador de los hechos dirimirlo. *Flores v. Soc. de Gananciales, supra*, a la pág. 50; *López Vicil v. ITT Intermedia, Inc., supra,* a la pág. 865; *Pueblo v. Chévere Heredia*, 139 D.P.R. 1, 15-16 (1995). De ordinario, el tribunal de instancia está en mejor posición que un tribunal apelativo para aquilatar la prueba testifical, porque éste tuvo el gran beneficio de poder observar la manera en que los testigos se expresaron y comportaron en la silla testifical (*"demeanor"*). *Argüello v. Argüello,* 155 D.P.R. 62, 78-79 (2001); *Trinidad v. Chade*, 153 D.P.R. 280, 291 (2001); *Rolón v. Charlie Car Rental, Inc.,* 148 D.P.R. 420, 433 (1999).

Finalmente, cabe mencionar que, en su alegato, los demandados-apelantes no presentan alegaciones suficientes en derecho que sustenten su posición de que la prueba presentada por la parte demandante-apelada es insuficiente en derecho para demostrar que el Sr. Carlos Torres Ramírez no es hijo de los causantes, padres de los codemandados, y, por consiguiente, heredero forzoso de éstos. Tampoco han demostrado que el TPI actuase con parcialidad. En ausencia de pasión, prejuicio o error manifiesto, decidimos no intervenir con la apreciación de la prueba efectuada por el TPI.

Examinados los autos ante nos, resolvemos que el foro apelado no erró al concluir que el demandante-apelado es hijo de los finados, Andrés Torres y Elvira Ramírez, y hermano de los codemandados Torres Ramírez con todos sus derechos y obligaciones.

Por otro lado, los codemandados-apelantes alegan que la prueba de histocompatibilidad (ADN) excluye claramente al demandante-apelado como hijo de sus finados padres. Sobre el particular, recientemente, el Tribunal Supremo indicó que las pruebas genéticas resultan ser la alternativa más efectiva para determinar con certeza y prontitud el hecho de la paternidad o no paternidad y, en el caso de la de ADN, para establecer, además, relaciones biológicas que no son de paternidad. *Vincenti v. Saldaña*, 157 D.P.R. 37 (2002); *Rivera Pérez v. León*, 138 D.P.R. 839 (1995). También dicho alto foro ha reconocido que las pruebas genéticas resultan ser la mejor evidencia en un proceso de impugnación de paternidad. (Bastardillas en el original.) *Vincenti v. Saldaña, supra,* a la pág. 50; *Rivera Pérez v. León, supra; Moreno Alamo v. Moreno Jiménez,* 112 D.P.R. 376 (1982); *Ortiz v. Peña,* 108 D.P.R. 458, 464 (1979).

La prueba de ADN -al igual que las otras pruebas que se utilizan para fines de filiación-, es una prueba de

exclusión (99%), la cual puede arrojar una probabilidad relativa de paternidad. *Rivera Pérez v. León, supra.* No obstante, el Tribunal Supremo también ha indicado que como ninguna de estas pruebas demuestra de modo fehaciente, en términos de certeza absoluta, la paternidad, **el resultado de las mismas debe ser considerado por el tribunal como un elemento evidenciario más, que debe ser analizado en conjunto con el resto de la prueba (testifical, documental, demostrativa).** El tribunal podrá utilizar esta probabilidad como un elemento más para llegar a su propia conclusión, luego de aquilatada toda la prueba. *Rivera Pérez v. León, supra,* a la pág. 844 (1995), citando a *Pueblo v. Maisonave Rodríguez,* 129 D.P.R. 49 (1991). Siendo así, tenemos que concluir que tampoco erró el TPI al no tomar el resultado de la prueba de ADN como un hecho concluyente a los fines de determinar una relación biológica entre las partes en el pleito.

En resumen, resolvemos que no hubo abuso de discreción por parte del TPI al no tomar como un hecho concluyente el resultado de la prueba de ADN. Dicho foro llegó a una conclusión en el caso, luego de considerar el resultado de esta prueba científica, en conjunto con la restante prueba presentada por las partes. Por lo tanto, concluimos que ninguno de los cuatro señalamientos de error planteados por la parte apelante fueron cometidos.

**IV**

Por los fundamentos antes expuestos, confirmamos la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones